STATE OF DELAWARE *vs.* MICHAEL T. CONWAY.

New Castle County, November Term, 1896.

**Indictment.   Election.**—Where the offence designated in the statute is " a false re-
turn of election " an indictment charging that the defendant did "make a false
return of the number of ballots cast at said election," is insufficient and must
be quashed.   It charges what is a part or an element of the offence but not co-
extensive with the return itself.

There were two indictments for making a false return of the election by an election officer.   The allegation in one indictment was that he did " wilfully and maliciously make a false return of the number of ballots cast at said election at " etc., " knowing the same to be false."   The offence was described in the statute as making " a false return of the election.

The other indictment charged that the defendant did " falsify the certificate of the number of ballots cast at said election ; " a second count charged that he " altered " the said certificate ; and a third count alleged that he did permit persons unknown to alter the certificate.

*A. B. Cooper,* (*Josiah Marvel* with him) for the defendant, moved that the indictment be quashed.   He contended (1) that

there was a want of certainty in the allegation. It does not appear whether the number was increased or diminished. Not only must it appear that an offence has been committed but what are the precise facts which are required to constitute the offence; Heard, Crim. Pl. 30, 93; and it must appear how it was committed; *id.* 98; there must be a certain description of the crime and the facts which constitute it; *id.* 100–102. And these principles apply as well to an indictment under a statute as at common law; *id.* 162, 165, 173; 1 Whart. Cr. L. § 372; *State vs. Vincent,* 1 Marvel 560.

(2) When the gist of the offense is the alteration of a written instrument it must set out how it is altered, and by words and figures; Heard, Cr. Pl. 202–3. The certificate is a written instrument within this principle; 1 Whart. Cr. L. §§ 305, 606, 609.

(3) Under § 37 of the act the guilty knowledge is made a material fact and must therefore be alleged as of a specific time and place; hence the allegation should have been *then and there* knowing the same to be false. Heard, Crim Pl. §§ 61, 63, 83.

These considerations apply to both indictments. The second indictment by its terms, contemplates alteration of a certificate of election, but the statute only deals with alteration of any papers required to be made under the act, which does not require any certificate of votes. There is no allegation that it was such a certificate as is required to be made under the act. Then again the act allows certain alterations and the offence is making alterations "except as allowed and directed by the provisions of this act." The indictment should be so framed as to exclude the exceptions. Heard, Crim. Pl. §179, 182–3; 1 Houst. 204.

*White* (*P. L. Cooper, Jr.,* Deputy Attorney General, with him), for the State.

The averment is sufficient. The number of votes, etc., is immaterial; the fact of alteration is the material element of the charge. The guilty knowledge is charged as a continuous fact in a continuous paragraph and to it the phrase *then and there,* at the beginning, fully applies.

The act does require certificates of election, because it imposes upon the inspectors the same duties prescribed for inspectors under general laws.

The doctrine that exceptions must be negatived in an indictment applies only where certain acts under certain circumstances constitute an offence and under others not ; here it is alleged that he willfully and knowingly did alter.

LORE, C. J., delivered the opinion of the Court.

We have considered this motion, and the Court are agreed as to the judgment which they shall render. The offence is a statutory one and is defined, in the terms of the statute, generally, not specifically. We think the charge in the indictment does not meet that particularity required by the statute, and that it charges rather what is a part or an element of the offence. The offence designated under the statute is " a false return of the election." In the indictment the charge is " making a false return of the number of ballots cast at said election," which would be an element of the false return but not co-extensive with the return itself. So that we are compelled to grant the motion to quash the indictment.

We may say, however, in connection with this, that we recognize the difficulty attending the preparation of indictments under a new law and with new forms, and particularly under the pressure to which the Attorney General has been subjected since the ninth day of November, in this Court. We can understand how very difficult it is to draw one, even under an old law, in which some astute lawyer cannot find flaws. And that difficulty is aggravated when the law is a new one and when the Attorney General is literally pressed down with a mass of business.

We regret most deeply (and that is the sentiment of the whole Court) the necessity for quashing these indictments, because if the offence charged was committed by these respective defendents, they committed one of the gravest crimes known to the criminal law of this State. And if convicted, they deserve and should receive the penalty which the law inflicts upon them. You may readily un-

derstand, therefore, with what great reluctance we grant this motion to quash.

*White*, Attorney General.   That applies to all of the indictments?

*Josiah Marvel*, for the defendant.   Then I make the motion in regard to them all.   Shall I call them by name?

PER CURIAM.   Without calling the names, with the consent of the Attorney General, the understanding is that it applies to them all, and these indictments are quashed.